UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOSHUA MICHAEL HAVENS** | **CIVIL ACTION NO. 23-1284** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **MOREHOUSE PARISH SHERIFF'S OFFICE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Joshua Michael Havens, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately September 14, 2023, under 42 U.S.C. § 1983. He names the following defendants: Morehouse Parish Sheriff's Office, Morehouse Parish Jail, and Black Lives Matter.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff suggestively claims that on approximately July 5, 2023, Black Lives Matter "used state agencies to defraud [him] and falsify arrest records and [his] medical history after harassing [him] online and destroying private property." [doc. # 1, p. 4]. Purportedly describing his injuries, Plaintiff writes: "falsified medical and criminal history; false imprisonment; rights not read (*Miranda v. Arizona*); servers destroyed; home breakins [sic]; online assets disabled; harassed by local sheriff; terrorized; electronic torture; electromagnetic torture; PTSD; Havana Syndrome[.] [sic]." *Id.* at 5.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff filed an amended pleading on approximately November 16, 2023. [doc. # 12].

For context, the undersigned presents most of Plaintiff's pleading verbatim:

> June 2023, Social Security received a report via snail mail about people in uniform breaking and entering and videoing me during private, while masturbating. My neighbors knew the names of subjects, all connected to BLM, and their families work the local law enforcement. [Two websites] contain proof of these individuals using a variety of technology against me . . . . It proves the use of electromagnets, and how sophisticated the assailants are with active denial systems. It is documented through Social Security and through Morehouse general hospital for Havana Syndrome as a result of electronic torture and rape. Violations of the Geneva Convention as I am a U.S. Marine Veteran constitutes investigation. These people broke the law to enforce the law. It's on video. Including Carl Walker. Everything started after I launched [a website] which stands for Joint Enterprise Defense Infrastructure Cyber Security. Within the 'humdingers' folder on [the website] contains proof of people swapping meters to compromised RF smart meters to people intercepting cell phones without a warrant and using 'Hail Storm' and other active denial ddos cell tower ping systems. 'Henessy Roses' (per police report), a BLM activist stated all this would transpire and Morehouse Parish Sheriff's Office has a copy of the screenshots. Cpl White has my old hard drive which I need back, I allowed him temporary possession of it. We hacked 'mil.ru' and their site login is on the drive, along with the entire stock exchange commission edgar file, and my personal Nels files. We worked with the hacker groups of 'anonymous' worldwide, Dark Mater Cyber Security, and other federal international agencies.
>
> . . . .
>
> Amy Johnson . . . , attorney, helped to send the U.N. cyber torture investigation commission my (3) three smart meters. Two were compromised. I have a degree from the U.S.M.C. in Microwave Communications and 2 years of college in Industrial Electronics. They weaponized smart meters. Please contact the U.N. [sic].

*Id.* (emphasis removed).

For relief, Plaintiff seeks (1) the arrest of all parties for domestic terrorism and (2) $10,000,000.00. [doc. # 1, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

4

F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Defendants Unamenable to Suit**

As above, Plaintiff names Morehouse Parish Sheriff's Office, Morehouse Parish Jail, and Black Lives Matter as defendants.

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24.

Under Plaintiff's allegations, these defendants do not qualify as juridical persons. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022); *Doe v. Mckesson*, 71 F.4th 278, 286 (5th Cir. 2023) (finding, where the plaintiff alleged that Black Lives Matter—a social movement—has "founders and several informal leaders, has several chapters nationwide, and participates in protests and demonstrations across the country[,]" that while the "allegations

5

show 'a community of interest,' or that individuals have 'acted together[,]'" the plaintiff did not show that Black Lives Matter had "the jural capacity to be sued.").

Accordingly, the Court should dismiss Plaintiff's claims against Morehouse Parish Jail, Morehouse Parish Sheriff's Office, and Black Lives Matter.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joshua Michael Havens' claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 29th day of December, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge